```
MARK JOSEPH KENNEY (State Bar No. 87345)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

ERIC J. TROUTMAN (State Bar No. 229263)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Plaintiff
Bank of America, N.A.
```

FILED
08 APR -2 PM 4: 27
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

'08 CV 0609 JM WMc

VIA FAX

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., a national banking association,<br><br>  Plaintiff,<br><br>vs.<br><br>LUKE C. ZOUVAS, an individual, RON TOUCHARD, an individual, MICHAEL BROWN, M.D., an individual, STEVE NICKOLAS, an individual, NUTRIPURE BEVERAGES, INC., a Nevada Corporation, and XND TECHNOLOGIES, INC., an Arizona corporation,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT IN INTERPLEADER** |

Bank of America, N.A. ("BofA") alleges:

1. This is a complaint in interpleader under 28 U.S.C. §§1335 and 2361 as well as Federal Rule of Civil Procedure 22. BofA is a national bank. Several bank accounts were opened at BofA in the names of the defendant corporations, Nutripure Beverages, Inc. ("Nutripure"), and XND Technologies, Inc. ("XND").

---
10597/0000/664438.1                                         COMPLAINT IN INTERPLEADER
                                                            08CV_____

2. In March 2008, a battle for control of defendant corporations erupted between defendant Steve Nickolas and the other individual defendants. Each side in this battle claims to represent the true ownership and management of the defendant corporations and to be entitled to the proceeds of their BofA accounts. The warring camps have made conflicting demands on BofA to pay the proceeds of the corporations' BofA accounts to them. Each side has filed suit in state court to enforce its claim to ownership and management of the defendant corporations or to force BofA to turn over the proceeds of the defendant corporations' accounts to it.

3. Concurrently with the filing of this complaint, BofA will deposit into the Court's registry, the entire proceeds of the accounts it holds in the names of the defendant corporations. Thereupon, BofA will seek this Court's order discharging it from all liability and awarding it attorney fees.

**Jurisdiction And Venue**

4. This Court has jurisdiction of this case pursuant to 28 U.S.C. §1335(a). The action is in the nature of interpleader. BofA claims to hold in its possession money in a sum greater than $500. There are two or more adverse claimants claiming they are entitled to this money. Two or more of the claimants are of diverse citizenship. Upon filing this complaint, BofA will deposit the disputed money into the registry of this Court, there to abide the judgment of this Court.

5. This Court also has jurisdiction of this case pursuant to 28 U.S.C. §1332(a). The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. The action is between citizens of different states, as alleged below.

6. Venue is proper in this Court under 28 U.S.C. §1391(a) and (b) in that one defendant, Luke C. Zouvas, resides in this district.

**Parties**

7. BofA is a national banking association. It is a citizen of the State of North Carolina where its main office is located, as designated in its articles of association.

8. BofA is informed and believes and thereon alleges that defendant Luke C. Zouvas is a citizen of the State of California, residing and working in the County of San Diego.

9. BofA is informed and believes and thereon alleges that defendants Ron Touchard and Michael Brown, M.D., are citizens of the State of California, residing and working in that state.

10. BofA is informed and believes and thereon alleges that Steve Nickolas is a citizen of the State of Arizona, living and working in or around Scottsdale, Arizona.

11. Nutripure is a Nevada corporation. BofA is informed and believes and thereon alleges that Nutripure's principal place of business is in Scottsdale, Arizona.

12. XND is an Arizona corporation. BofA is informed and believes and thereon alleges that XND's principal place of business is in Scottsdale, Arizona.

**Background Facts**

13. In or about December 2007, acting as CEO of Nutripure, Nickolas established three accounts (nos. xxxxxxxx5008, xxxxxxxx5710, and xxxxxxxx5723) in Nutripure's name at an Arizona branch of BofA. At the time of filing of this complaint, the aggregate balance in the three Nutripure accounts was $181,534.67.

14. Nickolas also opened an account (no. xxxxxxxx2177) in XND's name at an Arizona branch of BofA. At the time of filing of this complaint, the balance in XND's account was $680.85.

15. As of March 1, 2008, Nickolas was the sole authorized signer on each of the three Nutripure accounts and the XND account. Each of those accounts was governed by BofA's standard Account Agreement and Disclosures which provides, in pertinent part:

> **Conflicting Demands and Disputes**
>
> We are not required to make payment from an account to a signer, a payee ... or to any other person claiming an interest in any funds in the account:
> - If we have actual knowledge of, or otherwise believe in good faith that there may be a bona fide dispute between the signers ... payees, or other persons concerning their rights to the account proceeds ...

- 3 -

        \*   \*   \*

  We also may, at our option and without liability to you, take one or more of these actions:

- continue to rely on current signature cards and other account documents;

        \*   \*   \*

- freeze all or part of the funds until the dispute is resolved to our satisfaction;

        \*   \*   \*

- pay the funds into an appropriate court for resolution;
- refuse to disburse any funds in the account to any person until such time as: all persons claiming an interest in the account consent in writing to a resolution of the dispute; or a court of proper jurisdiction authorizes or directs the payment; or the person with a conflicting claim withdraws his or her claim in writing.

  You are liable for all expenses and fees we incur, including attorneys' fees, and we may charge them to your account.

  16. On or about March 5, 2008, Zouvas or his representatives called and sent documentation showing that at a special shareholders meeting held that day persons holding a majority of Nutripure's stock in person, by telephone or by proxy voted to remove Nickolas as Nutripure's sole director and officer, and to appoint Zouvas in his stead as sole director and interim CEO.

  17. Zouvas or his representative demanded that BofA remove Nickolas as a signer on Nutripure's accounts, disregard all of Nickolas' directions to pay sums from those accounts, and

substitute Zouvas in his stead. Zouvas also claimed a right to XND's accounts, stating that Nutripure had merged with XND and now controlled its assets.

18. On March 7, 2008, BofA wrote both Nickolas and Zouvas, stating that in light of Zouvas' claims and the documentation he presented to BofA, it was apparent that there was a dispute over ownership of funds in Nutripure's and XND's BofA accounts and that those accounts would be frozen until the dispute was resolved to BofA's satisfaction, and that if not resolved within 30 days, BofA would file an interpleader action to determine ownership of the funds and would seek its attorney fees and costs in that action.

19. On March 24, 2008, a suit was filed, purportedly by Nutripure against BofA, Touchard and Zouvas in superior court in Orange County, California. The case is entitled *Nutripure Beverages, Inc. v. Bank of America Corporation, et al*, no. 30-2008-00104389 ("Orange County Action"). Nickolas is not named as a party to the Orange County Action.

20. On March 25, 2008, without prior notice to BofA or Nickolas, the court in the Orange County Action issued a temporary restraining order, which provided in pertinent part:

> IT IS ORDERED that defendant Bank of America be restrained from transferring any interest, or disposing of any funds of Plaintiff, Nutripure Beverage, Inc., as set forth in greater detail in Exhibit A, other than to return funds on deposit to the account of Nutripure Beverages, Inc. in the Bank of America, ***which shall unfreeze the accounts and release all funds to Luke C. Zouvas as the current CEO of the company***. (Emphasis added.)

Exhibit A to the temporary restraining order stated:

> Any and all bank accounts within Bank of America in California and/or Arizonia [sic], or any other locations that may be uncovered by the bank held in the company name of Nutripure Beverages, Inc., as well as any wires, electronic transfers, certified or regular checks that have been drawn on any of the Nutripure Beverages, Inc., company accounts.

- 5 -

21. After it was given a copy of this temporary restraining order, BofA notified Nickolas of its entry. Nickolas urged BofA not to comply with the order. Nickolas also filed an action in the Nevada District Court for Clark County, entitled *Nutripure Beverages, Inc., et al., v. Luke C. Zouvas, et al.*, No. 08-A-559823 ("Clark County Action"). The Clark County Action seeks declaratory and injunctive relief against Zouvas, Touchard and Brown. It avers that their purported removal of Nickolas as Nutripure's sole director was ineffective because, under governing Nevada law, a two-thirds majority vote is required to oust a sitting director in mid term and the March 5, 2008 vote was only by slightly more than a bare 50% majority.

22. On March 28, 2008, BofA filed a notice of appeal from the temporary restraining order that had been entered in the Orange County Action. The appeal automatically stayed the order insofar as it purported to direct BofA to unfreeze accounts and release all funds to Zouvas.

23. Shortly after the filing this complaint, BofA will deposit into the registry of this Court, the sum of $182,215.52 which represents the current aggregate balance of the three Nutripure accounts and the XND account mentioned above.

**Count 1**
(Against All Defendants for Interpleader)

24. BofA realleges and incorporates by reference the allegations of paragraphs 1-23 above.

25. Each of defendants has asserted that he or it is entitled to the proceeds of the Nutripure and/or XND accounts described in paragraphs 13 and 14 above. Defendants' claims to those accounts conflict with each other. Each of defendants has made demand on BofA to pay him or it the funds in one or more of the Nutripure and XND accounts.

26. By reason of defendants' conflicting claims, BofA is in great doubt as to which defendant is entitled to be paid the funds in the Nutripure and/or XND accounts.

27. By reason of defendants' competing Orange County and Clark County Actions, BofA is at risk of being subjected to conflicting court orders for payment of the funds in the Nutripure and/or XND accounts.

- 6 -

28. Under its Account Agreement and Disclosures and applicable law, BofA is entitled to an award of its attorney fees and costs in this action and in responding to the Orange County and Clark County Actions.

WHEREFORE, BofA prays for:

1. An order discharging BofA of all liability in the premises upon payment into this Court's registry of the balances in the Nutripure and XND accounts as of the date of filing of this complaint.

2. An order enjoining defendants, and each of them, as well as their agents and others acting in concert with them, from instituting or prosecuting any other action, including the Orange County Action and the Clark County Action, against BofA for recovery of all or any portion of the proceeds of the Nutripure or XND accounts.

3. An order awarding BofA its attorney fees and costs in this action and in responding to the Orange County and Clark County Actions.

4. Such other and further relief as the Court deems just and proper.

DATED: April 2, 2008

SEVERSON & WERSON
A Professional Corporation

By: _____
Eric J. Troutman

Attorneys for Plaintiff
Bank of America, N.A.

10597/0000/664438.1

COMPLAINT IN INTERPLEADER
08CV_____

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BANK OF AMERICA, N.A., a national banking association,

### DEFENDANTS
SEE ATTACHMENT PAGE FOR NAMES OF DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff: Mecklenburg County, N.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
ERIC J. TROUTMAN (SBN 229263), SEVERSON & WERSON, 19100 Von Karman Ave., #700, Irvine, CA 92612, (949) 442-7110

Attorneys (If Known)
MARC APPLBAUM, ESQ., APPLBAUM & ZOUVAS, LLP

Stamps: 08 APR -2 PM [illegible]; CLERK, U.S. DISTRICT COURT SOUTHERN [DISTRICT OF CALIFORNIA]; DEPUTY; 08 CV 0609 JM WMC

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sections 1335 and 2361; Federal Rule of Civil Procedure 22

Brief description of cause:
Interpleader action pertaining to conflicting shareholder claims to corporate bank account.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Attorneys' Fees
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 04/02/2008    SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 149350    AMOUNT $350    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

[handwritten: SA 4/2/08]

| PETITIONER/PLAINTIFF: | BANK OF AMERICA, N.A., a national bankin | CASE NUMBER: |
|---|---|---|
| RESPONDENT/DEFENDANT: | LUKE C. ZOUVAS, an individual; RON TOUCH | |

ATTACHMENT TO CIVIL COVER SHEET

DEFENDANTS

ZOUVAS, LUKE C., an individual; TOUCHARD, RON, an individual; BROWN, MICHAEL, M.D., an individual; NICKOLAS, STEVE, an individual; NUTRIPURE BEVERAGES, INC., a Nevada Corporation; XND TECHNOLOGIES, INC., an Arizona Corporation

Legal Solutions Plus

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

        # 149350      - SH

         April 02, 2008
            16:14:39

          Civ Fil Non-Pris
   USAO #.: 08CV0609
   Judge..: JEFFREY T MILLER
   Amount.:                 $350.00 CK
   Check#.: BC7979


       Total->   $350.00


   FROM: B OF A V. ZOUVAS ET AL
```