# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| BANK OF AMERICA, N.A., | CASE NO. 08 CV 0609 JM (WMc) |
|---|---|
| Plaintiff, | **JUDGMENT AND ORDER RELEASING FUNDS ON DEPOSIT PURSUANT TO STIPULATION** |
| vs. | |
| LUKE C. ZOUVAS, et al., | |
| Defendants. | |

It appearing that the parties to the above-entitled action have fully and informally resolved all issues pertaining to this action and desire a final judicial decree as to their rights and obligations toward and between one another, and the parties having filed a joint motion pursuant to L.R. 7.2, stipulating to judgment, it is hereby adjudicated, decreed and ordered, pursuant to the stipulation of all parties:

1. The Clerk of Court shall disburse the funds that Bank of America deposited in the court's registry on April 7, 2008, and all proceeds of those funds, as follows:

    a.    $127,215.52 shall be paid to NutriPure Beverages, Inc.;

    b.    $40,000.00 shall be paid to Steve Nickolas;

    c.    $15,000.00 shall be paid to Bank of America;

    d.    All remaining funds including any accrued interest shall be paid to NutriPure Beverages, Inc.

2. The parties stipulated and it is therefore found that interpleader was appropriate in this action as conflicting and concurrent claims were made by multiple individuals and entities to a sum of money held, and later deposited, by Bank of America. Bank of America was exposed to double or multiple liability. The amount in controversy exceeded $75,000.00. The court exercises jurisdiction pursuant to statutory (28 U.S.C. § 2361) and rule (Fed. R. Civ. P. 22) interpleader. The parties stipulated and it is therefore found that the allegations of Bank of America's complaint regarding this court's subject matter jurisdiction to be true.

3. The parties to this action have no further right or remedy against one another pertaining to the deposited funds or any of the facts underlying the complaint herein, excepting only their right to distribution as articulated in Paragraph 1, above. Bank of America is discharged from any and all further liability to Defendants in this action and is discharged from this case.

4. As authorized by 28 U.S.C. § 2361, Defendants are permanently enjoined from the further assertion of claims relating to the disposition or use of the proceeds of account nos. xxxxxxxx5008, xxxxxxxx5710, and xxxxxxxx5723 previously held at Bank of America under the name of Nutripure Beverages, Inc. and account no. xxxxxxxx2177 previously held at Bank of American under the name of XND Technologies, Inc. Defendants are enjoined from pursuing any pending or future action in state or district court pertaining to the stake which is the subject of this Interpleader. The only exception to this injunction is that the parties may take all necessary steps to accomplish the dismissal of any such action. The enforcement of, or attempt to enforce, any and all orders entered in any state court concerning the stake which is the subject of this Interpleader is also enjoined.

6. Attorneys' fees and litigation costs are denied to all parties except as specifically stated above.

7. The Clerk is authorized to deduct ten percent of the earned interest, as authorized by the Judicial Conference of the United States.

//
//
//
//

8. The parties are directed to provide the address and taxpayer identification number for each payee directly to the Clerk of Court.

**IT IS SO ORDERED.**

DATED: June 26, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties